09-1343-cv
Taylor v. United Technologies Corp.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/ ). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1ˢᵗ of December, two thousand and nine.

PRESENT:

> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> > *Circuit Judges*,
> PAUL A. CROTTY,
> > *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DAVID S. TAYLOR, JIM CONLIN, and KARL TODD, individually, and as representatives of all those similarly situated,

> *Plaintiffs-Appellants*,

> -v.-                                                                  No. 09-1343-cv

UNITED TECHNOLOGIES CORPORATION, UNITED TECHNOLOGIES CORPORATION PENSION & INVESTMENT COMMITTEE, UNITED TECHNOLOGIES CORPORATION PENSION AND ADMINISTRATION COMMITTEE,

> *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*] The Honorable Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

1

**FOR PLAINTIFFS-APPELLANTS:**                    MICHAEL A. WOLFF, Schlichter Bogard & Denton LLP, St. Louis, MO (Jerome J. Schlichter, Jason P. Kelly, Sean E. Soyars, Schlichter Bogard & Denton LLP, St. Louis, MO, *on the brief*, Stuart B. Katz, Cohen and Wolf PC, Bridgeport, CT, *of counsel*).

**FOR DEFENDANTS-APPELLEES:**                    JEFFREY G. HUVELLE (Thomas L. Cubbage III, Peter A. Swanson, *on the brief*) Covington & Burling, Washington, D.C.

Appeal from a March 3, 2009 order of the United States District Court for the District of Connecticut (Warren W. Eginton, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**

Plaintiffs-appellants David Taylor, Jim Conlin, and Karl Todd, individually, and as representatives of those similarly situated (collectively, "plaintiffs"), appeal from an order of the District Court granting summary judgment in favor of defendants-appellees United Technologies Corporation, United Technologies Corporation Pension & Investment Committee, and United Technologies Corporation Pension and Administration Committee (jointly, "defendants"), in plaintiffs' action under the Employment Retirement Income Security Act of 1974 ("ERISA"). Specifically, plaintiffs allege that defendants breached their fiduciary duties pursuant to ERISA with respect to an employee benefit plan. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Plaintiffs allege that the District Court erred in concluding that there was no evidence on which plaintiffs could obtain a judgment in their favor. Specifically, plaintiffs maintain that their evidence showed that (1) defendants chose retail mutual funds as investment options for employees without considering the deficiencies of mutual funds for large retirement plans, as compared to alternatives more suited to large retirement plans; (2) defendants' mutual funds deducted from participant investments unreasonably high sub-transfer-agent fees for more than the amount due under contract; (3) defendants did not disclose full information about those sub-transfer-agent fees and failed to investigate or otherwise account for the allegedly excessive amount being paid; and (4) defendants operated the employee-stock fund imprudently, causing significant underperformance.

We review *de novo* the District Court's decision to grant summary judgment and, in the course of that review, we resolve ambiguities and draw all permissible factual inferences in favor of the non-moving party. *See, e.g.*, *Holcomb v. Iona College*, 521 F.3d 130, 137 (2d Cir. 2008); *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n*, 182 F.3d 157, 160 (2d Cir. 1999).

2

We have considered each of plaintiff's arguments on appeal and, substantially for the reasons stated in the District Court's thorough and well-reasoned memorandum of decision dated March 3, 2009, *Taylor v. United Technologies Corp.*, No. 06-cv-1494, 2009 WL 535779 (D. Conn. 2009), we find them to be without merit.

## CONCLUSION

Accordingly, we AFFIRM the judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

By _____